UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 26-cr-38 (ECT/DLM) |
| Plaintiff, | |
| v. | **MOTION FOR SPECIFIC DISCOVERY UNDER RULE 16 AND *BRADY V. MARYLAND*** |
| Claire Feng | |
| Defendant. | |

Defendant has already filed a motion seeking discovery under Rule 16. ECF No. 11. Defendant has received some discovery disclosures from the government, but those disclosures fall short of what is required under Rule 16. Defendant therefore files this motion re-urging his request for disclosures under Rule 16 and *Brady v. Maryland*, and requesting the following materials.

Specifically, Defendant seeks an order requiring the United States to disclose the following materials to the extent they relate to agents of the Customs and Border Patrol Special Response Team QRF 34 Bravo (the unit of the purported victim(s) in this case), or any other law enforcement officer involved in the arrest and detention of Defendant, hereinafter referred to collectively as "the Agents":

1) Copies of all cell phone video and body camera footage from the Agents, including full BWC video, from the day of the incident for each Agent;

2) For each of the Agents, personnel files related to prior allegations of misconduct, excessive use of force, or dishonesty, and a complete criminal history for each agent. This

would include all disciplinary files, Internal Affairs files, adverse findings regarding credibility or fitness, and any other adverse performance assessments for any of the aforementioned agents;

3) Training materials regarding the restraint, detention, and use of force against individuals that the Agents received during the course of their employment with DHS;

4) Copies of all radio traffic, dispatch records, cell phone communications and text messages, and any other communications between the Agents and any other law enforcement personnel regarding the allegations in this case, whether such data is stored on a government or private device or other storage media;

5) All sworn statements given by the Agents in connection with their official duties with Operation Metro Surge in Minnesota. Such a request is made on the basis that such information would link that agent as being present during a particular event that resulted in a constitutional violation and because of the widespread and well-documented practice of false or misleading statements made under oath by DHS agents in Minnesota;

6) Any video footage possessed by the Government related to the Agents, during the dates of their deployment/involvement with Operation Metro Surge, depicting the use of force by the Agents to include use of firearms, chemical irritants, or physical force used against individuals or vehicles;

7) All internal communications at DHS, DOJ, or the White House, including any communications involving the Agents, related to the dissemination of photographs of Defendant and/or the alleged injuries inflicted in this case by President Donald Trump,

former Department of Homeland Security Assistant Secretary Tricia McLaughlin, former Deputy Director of the FBI Dan Bongino, or Executive Associate Director of Enforcement and Removal Operations Marcos Charles;[1]

8) All reports, videos or other evidence of interactions between QRF Team 34 Bravo and any protester on January 24, 2026, including but not limited to any BWC video, reports, or other evidence related to the "three people" that agent Christopher Genera claims he fought with on January 24, 2026, prior to his interaction with Defendant.

Respectfully submitted,

Dated:   July 10, 2026

s/ *Kevin C. Riach*
Kevin C. Riach
Attorney ID No. 389277
THE LAW OFFICE OF KEVIN C. RIACH
125 Main St. SE, Suite 339
Minneapolis, MN 55414
Phone:   612-203-8555

**ATTORNEY FOR DEFENDANT**

---

[1] *See, e.g.,* https://www.facebook.com/danbongino/posts/-president-trump-shares-photo-of-ice-agent-who-just-got-his-finger-bitten-off-by/1519313609553694/