UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-CR-38 (ECT/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S RESPONSE** |
| v. | ) | **TO DEFENSE MOTION FOR** |
| | ) | **BILL OF PARTICULARS** |
| CLAIRE LOUISE FENG, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant moved the Court for a dismissal or bill of particulars. ECF 38. The Government has provided Defendant with a factual basis for the charge and constitutionally adequate notice of the charge and Defendant is not entitled to a bill of particulars because the indictment, affidavit in support of the complaint, and discovery provided by the Government adequately inform Defendant of the nature of the charge and the conduct at issue.

The purpose of a bill of particulars is to inform a defendant of the nature of a charge with sufficient precision to enable her to prepare for trial and to avoid or minimize the danger of surprise at trial. *United States v. Livingstone*, 576 F.3d 881 (8th Cir. 2009); *United States v. Hernandez,* 299 F.3d 984, 989–90 (8th Cir. 2002). It is not a discovery device and may not be used to obtain the Government's evidence, legal theories, witness testimony, or trial strategy. *United States v. Livingstone,* 576 F.3d 881, 883 (8th Cir. 2009); *see United*

*States v. Wessels,* 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Hester*, 917 F.2d 1083-84 (8th Cir. 1990).

The indictment in this case tracks the language of 18 U.S.C. § 111(b), identifies the charged offense, specifies the relevant date and location, and provides constitutionally sufficient notice of the conduct alleged, as well as the numerous conjunctive bases for criminal liability under the statute. The complaint affidavit further sets forth the factual basis supporting the charge, including Defendant's interactions with federal officers.

To the extent the Defendant alleges confusion surrounding the terms "CBP 1" and "CB2" in the complaint affidavit and "Victim A" and "Victim 1" in the indictment, the Government can provide clarity. "Victim A" and "Victim 1" in the indictment and "CBP 2" in the complaint affidavit are the same person— the federal agent who, in the performance of his official duties, had his finger bitten off. Given this clarity provided by the Government and the otherwise sufficient charging document, the Court should deny the motion.

Dated: August 06, 2026

Respectfully Submitted,
DANIEL N. ROSEN
United States Attorney

*s/Robert G. Tucker III*
BY: ROBERT G. TUCKER III
Special Assistant U.S. Attorney
Bar # 24136128TX

2