UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-CR-38 (ECT/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S RESPONSE** |
| v. | ) | **TO DEFENSE MOTION FOR** |
| | ) | **SPECIFIC DISCOVERY** |
| CLAIRE LOUISE FENG, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant moved the Court for discovery through eight requests. ECF 37. The Government has complied with its obligations under Federal Rule of Criminal Procedure 16 and continues to comply with its *Brady*, *Giglio*, and *Jencks* Act obligations. Beyond those requirements, there is no general constitutional right to discovery in criminal cases, and Rule 16 does not authorize the expansive, speculative requests Defendant now advances. See *United States v. Johnson*, 228 F.3d 920 (8th Cir. 2000); *United States v. Siewert*, 2008 WL 3165852 (D. Minn. June 10, 2008). Accordingly, Defendant's motion should be denied.

## LEGAL STANDARD

Discovery is governed primarily by Rule 16, *Brady*, *Giglio*, and the *Jencks* Act. Defendant moves for eight enumerated forms of discovery but has not provided any authority for those requests. ECF 37.

The Government has already made substantial Fed. R. Crim. P. 16 disclosures, including several of the items included in Defendant's motion. The remaining disclosures requested by Defendant are not required by any constitutional or statutory authority. Rule 16 limits discovery to items within the Government's possession that are material to preparing the defense. Materiality requires more than speculation or conclusory assertions. *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985); *United States v. Farah*, 2023 WL 8757097, at *9 (D. Minn. Dec. 19, 2023). Speculative requests do not satisfy Rule 16. *United States v. Ivers*, 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023).

## ARGUMENT

### A. Defendant's Requests for Footage, Communications, Statements, and Documentation are Moot, Overbroad, and Irrelevant.

Defendant seeks video footage, communications, statements, and documentation from before, during, and after her arrest on January 24, 2026, as well as the entirety of Operation Metro Surge. ECF 37, ¶¶ 1, 4, 5, 6, 8.

*Brady* limits discovery to any information favorable to <u>the accused</u>. Such a broad request is a fishing expedition untethered to the conduct charged and irrelevant in nature to any defense, Rule 16, *Brady*, *Giglio*, or *Jencks*. Defendant has made no connection between the content of such materials and how it would be useful or assist in her defense. She has given no explanation

2

demonstrating how this information could be helpful or how the content specifically relates to this offense or the agents' actions in this case. *See id.*

To the extent these requests pertain to Defendant and fall within the scope of Rule 16 and *Brady*, the Government has complied with its obligations and produced responsive materials. Further, the Government is aware of its ongoing discovery obligations and will continue to comply with them.

As the Government has produced the materials that are relevant and responsive under Rule 16 and *Brady*, the requests should be denied as moot. Regarding requests pertaining to materials unrelated to Defendant or the specific conduct in this case, the Court should deny the motion as overbroad and irrelevant.

### B. Defendant's Request for Agent Training Materials is Overbroad and Untimely.

Defendant requests personnel files for "each of the Agents." ECF 37, ¶ 2. This appears to be a *Brady* or *Giglio* request. First, the request is overbroad because it is not limited to testifying witnesses or individuals involved in her arrest. The Government's obligations under *Brady* and *Giglio* extend only to material impeachment evidence for witnesses it intends to call at trial, not every officer who was involved with the case. *See United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014); *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005). *Brady* does not require pretrial disclosure so long as the

3

information is provided in time for effective use at trial. See *Spencer*, 753 F.3d at 748.

Second, to the extent it relates to trial witnesses, the Government objects to early disclosure of these materials as beyond the scope of those cases. *Brady* is not a "discovery device." *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998).

Finally, to the extent Defendant seeks impeachment material for non-testifying individuals, the request exceeds the scope of *Brady* and *Giglio*. There is no authority permitting such disclosure.

Therefore, the Court should deny the motion.

## C. Agency Wide Training Materials and Curricula Are Immaterial.

Defendant requests training materials relating to "the restraint, detention, and use of force." ECF 37, ¶ 3. But Defendant offers no showing of materiality for agency-wide training materials or internal policies. Such materials are not prepared in connection with this prosecution and are expressly excluded from Rule 16(a)(2). Courts routinely reject similar speculative requests absent a specific, articulated nexus to the charged conduct. *United States v. Bryan*, 868 F.2d 1032, 1082–83 (9th Cir. 1989); *see United States v. Ivers*, 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023).

4

Training materials plainly do not fall within the scope of Rule 16(a)(2). The requested materials were not made in connection with investigating or prosecuting this or any other case and are not statements by prospective government witnesses. *Id.* at 571; *United States v. Armstrong*, 517 U.S. 456, 462–63 (1996) (characterizing Rule 16(a)(2) as precluding discovery of "government work product in connection with [the defendant's] case").

Requests for agency-wide internal training materials are similarly untethered, often containing opinions, legal guidance, and policy interpretations protected as attorney work product or deliberative process materials. *See Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *United States v. Nobles*, 422 U.S. 225, 238 (1975); *United States v. Williams*, 2024 WL 4589865, at *3–4 (D. Minn. Oct. 28, 2024); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006).

Here, Defendant has not identified specific documents or made any connection between the content of these materials and how it would be useful or assist in her defense. Further, she has not demonstrated how the content specifically relates to this offense. The requested training materials and curricula are immaterial to the conduct charged, irrelevant, and overbroad.

Accordingly, the Court should deny the motion.

**D. Rule 16 Only Allows for Discovery of Defendant's Statements.**

Defendant requested all internal communications from agencies relating to "the dissemination of photographs of Defendant and/or the alleged injuries inflicted in this case." ECF 37, ¶ 7. But Rule 16 only contemplates discovery of statements made by a defendant, not statements made by others. *United States v. Dornsbach*, 22-CR-00048, 2023 WL 2666480 (D. Minn. Mar. 28, 2023) *citing United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990). Consequently, Rule 16 does not require the Government to produce communications between or among DHS, DOJ, and the White House, nor does it allow for records, documents, text messages, chats, emails, transmittals, or 'other exchange of information'.

In fact, Rule 16(a)(2), authorizes the Government to refuse discovery of reports, memoranda, or other government documents made by an attorney for the government, or other government agents, in connection with the investigation or prosecution of the case before trial. Fed. R. Crim. P. 16(a)(2); *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985).

Defendant has provided no authority for her request for these internal communications and has made no showing that the communications are in any way material to her defense. As there is no legal authority supporting the disclosure of this material, and no showing of materiality, the Court shod deny the motion.

6

## CONCLUSION

The Government has complied with its obligations under Rule 16, *Brady*, *Giglio*, and *Jencks* and will continue to do so. Defendant's requests are unsupported, immaterial, overbroad, moot, and contrary to Rule 16(a)(2). For these reasons, the Government respectfully requests that the Court deny Defendant's motions.

Dated: August 06, 2026

Respectfully Submitted,
DANIEL N. ROSEN
United States Attorney

*s/Robert G. Tucker III*
BY: ROBERT G. TUCKER III
Special Assistant U.S. Attorney
Bar # 24136128TX