UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Claire Feng

Defendant.

Court File No. 26-cr-38 (ECT/DLM)

**DEFENDANT'S POST-HEARING BRIEF**

## INTRODUCTION

The parties have met and conferred several times since the hearing on Defendant's discovery motion. Through these discussions and a supplemental production of documents, the parties have substantially narrowed the areas remaining in dispute. The parties continue to disagree on the discoverability of two categories of evidence: (1) body-worn camera footage of agents' response to the protest of Alex Pretti's murder during the roughly two-hours between Defendant's arrival at the scene and her arrest; (2) the most recent arrest and use-of-force policies and training materials received by the alleged victim in this case.

The government contends it need not produce these materials because they are not discoverable under Rule 16 or *Brady/Giglio*. As discussed below, however, the requested body-worn camera footage is relevant to Defendant's self-defense and defense of others trial defenses, as well as her alternative source of injury defense, and thus it is "helpful" and therefore discoverable under Rule 16. Similarly, the requested policies and training materials are relevant to Defendant's self-defense trial defense. For these reasons,

Defendant respectfully requests that the Court grant Defendant's discovery motion and require the government to produce: (1) body-worn camera footage from DHS personnel at the scene of Alex Pretti's murder from 9:15 a.m. (approximately the time that Defendant arrived at the scene) until Defendant's arrest at 11:37 a.m.; (2) the policies and training materials regarding arrests and use-of-force that Agent Genera received in 2025.

## ARGUMENT

### I. THE REQUESTED EVIDENCE IS MATERIAL UNDER RULE 16 AND SHOULD BE PRODUCED.

#### A. The Legal Standard

Rule 16(E)(i) requires the government to produce "documents and objects" that are "material to preparing the defense." This is a low bar. "In the context of the federal rules, 'material' simply means 'helpful to the defense.' " *United States v. Wirth*, No. CRIM. 11-256 ADM/JJK, 2012 WL 1110540, at *2 (D. Minn. Apr. 3, 2012) (quoting *United States v. Vue,* 13 F.3d 1206, 1208 (8th Cir. 1994)); *United States v. Williams,* No. 23-CR-236 (JWB/ECW), 2024 WL 4589865, at *16 (D. Minn. Oct. 28, 2024) (same); *United States v. Farah*, No. 22-CR-124 (NEB/TNL), 2023 WL 8757097, at *9 (D. Minn. Dec. 19, 2023) (same).

#### B. BWC Footage

The requested BWC footage is helpful to the defense. It will show the actions of agents who brutalized protesters gathered in the immediate aftermath of Alex Pretti's murder, including shooting protesters in the back with 40mm less-lethal weapons, all of which is relevant to Ms. Feng's self-defense and defense-of-others trial defenses given that

she was present at the scene and observed the agents' violence.[1] BWC footage corroborating and confirming the government violence Ms. Feng witnessed before her arrest will help establish her state of mind at the time of the alleged assault.

Further, Agent Genera told investigators he had been in at least "three fights" with protesters that morning. As discussed at the hearing, Ms. Feng has an alternative source of injury claim at trial based on these "fights" instigated by Agent Genera. The government has represented it has not reviewed the available BWC material to identify footage capturing these fights. But given the limited geographic area of the protest response, the number of agents present, and the number of fights involving Agent Genera, it is nearly certain that these altercations (and potentially others) involving Agent Genera were filmed. Footage of these "fights" between Agent Genera and protesters will be helpful to the defense.

---

[1] *See, e.g.*, *Doxsey v. Mullin*, Case No. 25-cv-4669, Declaration of Haley Zovic, ECF 136-47 (filed Feb. 13, 2026) (describing violence by ICE agents responding to protests at Pretti murder scene and being hit in the head with chemical munition); Declaration of Clayton Kelly, ECF 136-38 (filed Feb. 13, 2026) (describing violence by ICE agents responding to protests at Pretti murder scene and being tackled and body-slammed from behind by agents); Declaration of Katie Story, ECF 136-71 (filed Feb. 13, 2026) (describing violence by ICE agents responding to protests at Pretti murder scene and being pepper-sprayed in the face at point-blank range); Declaration of Dylan Linet, ECF 136-46 (filed Feb. 13, 2026) (describing ICE agents opening fire with less-lethal munitions and shooting protesters in the backs as they ran and other violence against protesters); Declaration of Jeanelle Austin, ECF 148 (filed Feb. 17, 2026) (describing violence by ICE agents responding to protests at Pretti murder scene); Declaration of Greta Graves, ECF 172 (filed Feb. 17, 2026) (describing violence by ICE agents responding to protests at Pretti murder scene); https://theintercept.com/2026/01/31/minneapolis-protester-witness-killing-alex-pretti/ (describing ICE assault of protester at Pretti murder scene); https://content.govdelivery.com/accounts/MPLS/bulletins/405f4fa (describing unlawful detention of protesters from Pretti murder scene).

For all these reasons, the Court should require the government to produce BWC footage from agents present at the scene that morning, from 9:15 a.m. to 11:37 a.m.

**C. Policies and Training Materials**

Similarly, the requested policies and training materials on arrests and use of force are "helpful" to the defense. Among other things, they will explain the proper levels of force to be applied when arresting an individual. This includes whether shoving one's hand into an arrestee's mouth while the arrestee's hands are pinned behind their back, as Agent Genera did to Defendant, constitutes an appropriate use of force. These materials are also relevant more broadly in establishing that the agents' uses of force against protesters prior to Defendant's arrest, such as impacting protesters in the head with chemical munitions and body-slamming peaceful protesters into the ground, were *ultra vires* and against agency policy.[2]

**<u>CONCLUSION</u>**

For the above-stated reasons, the Court should grant Defendant's discovery motion and require the government to produce the requested body-worn camera footage and training materials.

[2] *See supra*, n. 1.

Respectfully submitted,

Dated: November 16, 2026

s/ *Kevin C. Riach*
Kevin C. Riach
Attorney ID No. 389277
RIACH LAW PLLC
125 Main St. SE, Suite 339
Minneapolis, MN 55414
Phone: 612-203-8555
kevin@riachlaw.com
**ATTORNEY FOR DEFENDANT**